UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUAN GUITRON,

        Plaintiff,

v.                                    Case No. 11-C-447

MICHAEL PAUL, et al.,

        Defendants.

## SCREENING ORDER

Plaintiff Guitron, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at Waupun Correctional.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Further, he has been assessed and has paid an initial partial filing fee of $30. Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff asserts that while he was incarcerated at Dodge Correctional Institution, the Defendants used excessive force while escorting him down a hallway. In particular, he states that although he was not resisting, they "used force" that left his wrists red and swollen. The pain allegedly lasted two months and also caused unspecified mental suffering. In addition, the complaint alleges that an officer moved his face close to Plaintiff's and attempted to provoke him. Although it is unclear from the complaint, it appears that two officers held him by the wrists, and one of them used a hold that inflicted the pain. The other defendant is a supervisor who allowed this to happen. Plaintiff states that he complained to a nurse, but the nurse found no unusual marks on his wrist.

Section 1983 provides a remedy for excessive force used by prison officials. For example, in *Hendrickson v. Cooper,* a prison guard repeatedly insulted an inmate and then waited for him to enter a building. 589 F.3d 887, 890 (7th Cir. 2009). The inmate was partially crippled as a result of two accidents and did not make any threatening moves against the guard. Even so, the guard "grabbed Hendrickson, threw him against a wall, slammed him onto the concrete floor, and pressed his knees into Hendrickson's back while another officer cuffed Hendrickson." *Id.* A jury found this to be a constitutional violation and awarded damages.

Although *pro se* allegations are to be construed liberally, I am satisfied that Plaintiff has not pled enough to state a claim under the Eighth Amendment. Prison life involves countless hardships, and surely one of these involves the use of reasonable force by guards, particularly when inmates are outside of their cells. When force is used, it is not uncommon that the object of that force (the inmate) will harbor a disagreement about the need for, and extent of, the force used. And the use of force, even in small amounts, can result in minor injuries and bruising. For this reason, courts do not generally find Eighth Amendment violations based on isolated incidents that cause minor injuries. For example, a single shove, even if unjustified, that results in bruising is *de minimis* force that will not support an Eighth Amendment claim. *DeWalt v. Carter,* 224 F.3d 607, 620 (7th Cir. 2000) ("The shove was a single and isolated act, unaccompanied by further uses of force. Moreover, the bruising Mr. DeWalt allegedly suffered does not appear to have been particularly serious."). Eighth Amendment claims based on *de minimis* uses of physical force by prison guards are not cognizable unless they involve "force that is repugnant to the conscience of mankind." *Outlaw v. Newkirk,* 259 F.3d 833, 839 (7th Cir. 2001). Here, even if the facts alleged are true, there is nothing "repugnant to the conscience" about a prison guard using a grip that slightly injured the inmate's wrist. Although the Court does not condone the unjustified use of force by prison guards, Plaintiff's allegations regarding Officer Paul's use of force against him fall short of what is required to state a claim for excessive force under the Eighth Amendment. Accordingly, the case will be dismissed for failure to state a claim.

The motion to proceed *in forma pauperis* is **GRANTED**, meaning that the filing fee may be paid over time.

4

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has brought an action that was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

Dated this   6th   day of July, 2011.

                                                    s/ William C. Griesbach
                                                    William C. Griesbach
                                                    United States District Judge